# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

RONALD BARROW
              Plaintiff,

vs.

Wexford Health Sources, Inc.,
Dr. Robert Shearing;
Dr. Eric Johnson;
Dr. Christine Lochhead;
Saluador Godinez;
Kimberly Butler
Dr. J. Trost; Gail Walls;
Dr. Baker.    Defendant(s).

Case Number: 14 - 800 - NJR

Honorable
Nancy J. Rosenstengel,
District Court Judge

First Amended Complaint

I. JURISDICTION   (Also, see Page 6, infra)

Plaintiff:

A. Plaintiff's mailing address, register number, and present place of confinement. Plaintiff Ronald Barrow ("Plaintiff") Reg. No. N52-087, Menard Correctional Center P.O. Box 1000, Menard [Randolph County] Illinois 62259

Defendant #1:

B. Defendant Wexford Health Sources, Inc. is employed as
      (a)    (Name of First Defendant)

Contract Health Care Provider
      (b)    (Position/Title)

with Illinois Department Of Corrections/ Self
      (c)    (Employer's Name and Address)

425 Holiday Drive, Foster Plaza Two Pittsburgh PA 15520

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?  ☑Yes   ☐No

If your answer is YES, briefly explain: Defendant Wexford Health Sources, Inc. ("Wexford") is contracted with Illinois Department of Corrections ("IDOC"), engaged in the business of providing health care professionals and services to Illinois Correctional Facilities, including the Menard Correctional Center ("Menard")

- 1 -

Defendant #2:

C.   Defendant _DR. Robert Shearing_ is employed as

(Name of Second Defendant)

_Site Medical Director MENARd Correctional Center_
(Position/Title)

with _Wexford Health Sources Inc. 425 Holiday_
(Employer's Name and Address)

_Drive, Foster PLAZA Two, Pittsburgh PA 15220_

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain: Defendant Robert Shearing
("Shearing") as site Medical Director at Menard
having management and Administrative duties and
Responsibilities at MENARD, including Plaintiff's
medical treatment and care at MENARD : being
employed by wexford

Defendant #3:

D.   Defendant _DR. Eric Johnson_ is employed as
(a)   (Name of    . Defendant)

_Site Optometrist   MENARD Correctional Center_
(b)   (Position/Title)

with _Wexford Health Sources Inc 425 Holiday_
(c)   (Employer's Name and Address)

_Drive, Foster Plaza Two, Pittsburgh, PA 15220_

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain: Defendant Eric Johnson
("Johnson") as site Optometrist at Menard having
the duties and Responsibilities at Menard, including
Plaintiff's medical eye treatment and care at MENARD
being employed by wexford

Defendant # 4:

E.   Defendant **DR. Christine Lochhead** is employed as

(Name of 4th Defendant)

**Site Optometrist MENArd Correctional Center**
(Position/Title)

with **Wexford Health Sources Inc 425 Holiday**
(Employer's Name and Address)

**Drive Foster Plaza Two P. Hsburgh, PA 15220**
(Menard Correctional Center P.O. Box 711 Kaskaskia St. Menard, IL 62259)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain: **Defendant Christine Lochhead ("Lochhead") As site Optometist at Menard having duties and Responsibilities at Menard including Plaintiff's medical eye treatment and care at Menard, being employed by Wexford**

Defendant # 5:

F.   Defendant **Salvador Godinez** is employed as
(a)   (Name of 5th Defendant)

**Director - Illinois Department of Corrections**
(b)   (Position/Title)

with **State of Illinois - IDOC 1301 Concordia**
(c)   (Employer's Name and Address)

**Court P.O. Box 19278 Springfield, Illinois 62794**

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain: **Defendant Salvador Godinez ("Godinez") is current Director of IDOC having management and Administrative duties and responsibilities for all prisons in Illinois and signed party between IDOC and Wexford's contract**

-3-

Defendant #6:

G.   Defendant __Kimberly Butler__ is employed as

(Name of 6th Defendant)

__Chief Administrative Officer - MENARD__
(Position/Title)

with __MENARD Correctional Center P.O. Box__
(Employer's Name and Address)

__711 Kaskaskia Street Menard Illinois 62259__

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☒Yes   ☐No

If you answer is YES, briefly explain:   Defendant Kimberly
Butler ("Butler"),      is the Warden of
Menard. She legally Responsible for the operation
of Menard and for the welfare of all inmates
at Menard, including Plaintiff.


Defendant #7

H.   Defendant __DR. J. Trost__ is employed as
(a)     (Name of 7th Defendant)

__Site Medical Director Menard Correctional Center__
(b)     (Position/Title)

with __Wexford Health Sources Inc 425 Holiday__
(c)     (Employer's Name and Address)

__Drive Foster Plaza Two Pittsburgh PA   15220__
(Menard Correctional Center POBox 711 Kaskaskia Ste Menard, IL 62259)

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☒Yes   ☐No

If your answer is YES, briefly explain:   DR J Trost      ("Trost")
as site Medical Director at Menard having
management and administrative duties and
responsibilities at Menard including Plaintiff's
medical treatment and care at Menard, being employed
by Wexford

-4-

Defendant # 8

I.   Defendant  Gail Walls                              is employed as
                    (Name of 8th Defendant)

Director of Nurses, Menard Correctional Center
                    (Position/Title)

with Wexford Health Sources Inc  425 Holiday
                    (Employer's Name and Address)

Drive, Foster Plaza Two P. Hsburg PA 15220
(Menard Correctional Center, PoBox 711 Kaskaskia Str. Menard, IL 62259)

At the time the claim(s) alleged in this complaint arose, was Defendant #2
employed by the state, local, or federal government?   ☑Yes   ☐No

If you answer is YES, briefly explain:  Defendant Gail Walls
("Walls") as site Director of Nurses at Menard
having duties and responsibilities at Menard,
including Plaintiff's medical care and treatment
at Menard, being employed by Wexford


Defendant #9

J.   Defendant  Dr Baker                              is employed as
              (a)   (Name of 9th Defendant)

Utilization Management Physician
           (b)         (Position/Title)

with Wexford Health Sources, Inc  425 Holiday
           (c)         (Employer's Name and Address)

Drive, Foster Plaza Two  P. Hsburg PA 15220

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☑Yes   ☐No

If your answer is YES, briefly explain:  Defendant Dr. Baker
("Baker") as Utilization Management Physician at
Wexford Health Sources Inc having duties and
responsibilities for decisions on policy and referral
for treatment and care of Plaintiff, being employed by
Wexford

- 5 -

I. Jurisdiction And Venue

(1). This is A civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under the color of state law, of rights secured under the Constitution And laws of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 And 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 And 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 And 2284, And Rule 65 of the Federal Rules of Civil Procedure

(2). Supplemental jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1367.

(3). Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the events that give Rise to Plaintiff's claims took place within the Southern District of Illinois.

(4). This Court has Authority pursuant to 42 U.S.C. Section 1983 to Award Appropriate Actual, consequential, compensatory, and punitive damages, And has Authority under 42 U.S.C. Section 1988 to Award Attorney fees and cost to successful civil right plaintiffs.

I. (A) - (J) - Parties

(5). Plantiff Ronald Barrow, is and was at all times mentioned herein a prisoner of the State of Illinois, in the custody of the Illinois Department of Corrections; currently confined at the Menard Correctional Center, P.O. Box 1000 Menard [Randolph County] Illinois 62259 serving a sentence of Nature Life without the Possibility of Parole, under Reg No N52087.

(6). Defendant Wexford Health Sources, Inc, is legally Responsible for providing health care professionals and services at Menard Correctional Center, acting under the color of state law in violation of Plantiff's Rights under the Constitution and law based on created policy and custom and being sued individually and offical capacity.

(7). Defendant Robert Shearing is legally Responsible as Medical Director at Menard to provide adequate standard of care treatment, acting under the color of state law in violation of Plantiff's rights under the Constitution and law and being sued individually and his official capacity.

-7-

(8). Defendant Eric Johnson is legally Responsible As site Optometrist at Menard to provide Adequate standard of care eye treatment, acting under the color of state law in violation of Plaintiff's rights under the Constitution and law and being sued individually and his official capacity.

(9). Defendant Christine Lochhead is legally responsible as site Optometrist at Menard to provide Adequate standard of care eye treatment, acting under the color of state law in violation of Plaintiff's Rights under the Constitution and law and being sued individually and her official capacity

(10). Defendant Salvador Godinez is legally Responsible for the overall operations of the Illinois Department of Corrections, acting under the color of state law in violation of Plaintiff's rights under the Constitution and law and being sued in his official capacity, As IDOC Director

(11). Defendant Kimberly Butler is legally Responsible for the overall

operations of the Menard Correctional Center and for the welfare of all inmates at Menard, Acting under the color of state law in violation of Plaintiffs rights under the Constitution and law and being sued in her official capacity, as Warden (ie. Chief Administrative Officer of Menard)

(12). Defendant Gail Walls is legally responsible as site Director of Nurses at Menard to provide adequate standard of care medical treatment, Acting under the color of State Law in violation of Plaintiff's Rights under the Constitution And law And being sued individually And her official capacity.

(13). Defendant Dr Baker is legally Responsible as Wexford's Utilization Management Physician to provide Adequate standard of care medical treatment, Acting under the color of State law in violation of Plaintiff's Rights under the Constitution and law and being sued individually and his official capacity.

## II.   PREVIOUS LAWSUITS

(14)  **A.**   Have you begun any other lawsuits in state or federal court relating to
your imprisonment? ✳                             ☒ Yes      ☐ No

B.   If your answer to "A" is YES, describe each lawsuit in the space below.  If
there is more than one lawsuit, you must describe the additional lawsuits
on another sheet of paper using the same outline.  <u>Failure to comply with
this provision may result in summary denial of your complaint.</u>

1.   Parties to previous lawsuits:  Ronald BARROW, N52087
Plaintiff - Claimant

vs
State of Illinois
Defendant - Respondent.

2.   Court (if federal court, name of the district; if state court, name of
the county):  Court of Claims of the State of Illinois

3.   Docket number:  14-CC-3855

4.   Name of Judge to whom case was assigned:  No Judge has yet
to be assigned, based on information and belief

5.   Type of case (for example: Was it a habeas corpus or civil rights
action?):

6.   Disposition of case (for example: Was the case dismissed? Was it
appealed? Is it still pending?):
Property Damage Claim

7.   Approximate date of filing lawsuit:  June 11, 2014

8.   Approximate date of disposition:  Unknown
Plaintiff granted in Forma Pauperis on June 25. 2014
and no further proceedings have taken place.

✳/   Plaintiff's original Complaint stated "No" to Par #13(A) upon
belief the Court of Claims was not applicable but since said
filing has been advise otherwise. Based upon information and
belief, plaintiff's previous Habeas Corpus is not applicable and not
listed herein.

III.    GRIEVANCE PROCEDURE

(14-A) A.    Is there a prisoner grievance procedure in the institution? ☒Yes    ☐ No

B.    Did you present the facts relating to your complaint in the prisoner
grievance procedure?                                                    ☒Yes    ☐ No

C.    If your answer is YES,
1.    What steps did you take? Plrntiff complied with all IDOC
grievance procedure pursuant to Illinois Administrative
Code, Title 20, Section 504.810 et seq.

2.    What was the result? All request relief was denied
at Menard Constitutional level) and an appeal to the
Administrative Review Board. No further remedies are
Available to Plrntiff

D.    If your answer is NO, explain why not.
N/A

E.    If there is no prisoner grievance procedure in the institution, did you
complain to prison authorities? N/A                                    ☐ Yes    ☐ No

F.    If your answer is YES,
1.    What steps did you take? N/A

2.    What was the result? N/A

G.    If your answer is NO, explain why not. N/A

H.    Attach copies of your request for an administrative remedy and any
response you received. If you cannot do so, explain why not:
Copies were attached to original complaint, i.e. 45 Exhibit,
totalling 174 pages. This court placed said Exhibits in a file
but not docketed. Due to court's concern with the
length of Plrntiff's original filing, no exhibits are being
attached to First Amended complaint based on said concern
and as a matter of law, all facts at this stage must be taken
as true, thus attachments being unnecessary at this stage

-11-