IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-941-NJR-DGW |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions filed by Plaintiff, Ronald Barrow:

1. Motion for Clarification and Request for Missing Documents filed on October 2, 2014 (Doc. 41);

2. Motion for Subpoenas and Local Court Rules filed on October 6, 2014 (Doc. 46);

3. Motion Pursuant to 735 ILCS 5/2-622 Compliance or for Extension of Time filed on October 20, 2014 (Doc. 59);

4. Motion for Clarification of Record and for Miscellaneous Relief Instanter filed on October 27, 2014 (Doc. 62);

5. Motion to Submit Supplemental Notice of Filing/Certificate of Service and Request for Rulings on Pending Requests for Relief filed on November 12, 2014 (Doc. 70)

**Motion for Clarification and Request for Missing Documents (Doc. 41)**

In this Motion, Plaintiff asks the Court for copies of various documents he claims he has not yet received. More specifically, Plaintiff asserts that he has not received Documents 26 through 35, and pages 28 to 97 of his First Amended Complaint (Doc. 2). The Court notes that Documents 26 through 34 were filed by Defendants Baker, Robert Shearing, J. Trost, and Wexford

Page **1** of **10**

Health Sources, Inc., and Document 35 was an Order of the Court granting Defendants' Motion for Protective Order. Plaintiff seeks copies of these documents, as well as a copy of the docket sheet so that he is aware of what documents have been filed in this case.

Defendants Baker, Shearing, Trost, and Wexford filed their Response to Plaintiff's Motion on October 7, 2014 (Doc. 47). Defendants' counsel asserts that copies of their filings, Documents 26 through 34, including any proposed orders, were provided to Plaintiff, via U.S. mail, at his address at Menard Correctional Center on September 30, 2014. Defendants further indicate that courtesy copies of the same, including copies of the Court's Orders at Document 35 and Document 36, were mailed to Plaintiff on October 7, 2014. Accordingly, the Court finds that Plaintiff's request for copies of Documents 26 through 35 is **MOOT**. With respect to pages 28 through 97 of Plaintiff's Complaint, Plaintiff's request for copies of these pages is **DENIED**. Plaintiff's Complaint (Doc. 2) consists of a total of 81 pages. Accordingly, it is unclear what documents Plaintiff is referencing when he requests pages 28 through 97 of his Complaint. Moreover, Document 2 is Plaintiff's own filing and, as such, he should be fully aware of what is contained in his own Complaint. Finally, Plaintiff's request for a copy of the docket sheet is **GRANTED**. As a courtesy, the Court will provide Plaintiff with a copy of the current docket sheet in this case. Accordingly, the Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet in this case to his last known address. The Court notes, however, that it is not inclined to provide any additional courtesy copies of the docket sheet, if Plaintiff is to seek any in the future.

### Motion for Subpoenas and Local Court Rules (Doc. 46)

Plaintiff asks the Court to provide him with ten blank subpoenas, a copy of the Local Rules for the Southern District of Illinois, and a receipt for all filing fee payments deducted from his prison trust fund account. Plaintiff's Motion is **GRANTED IN PART AND DENIED IN**

**PART**.

With respect to Plaintiff's request for ten blank subpoenas, the Clerk must issue subpoenas on the request of a party. FED. R. CIV. P. 45(a)(3). However, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in order to ensure that the Court's subpoena power is not being abused. Fed. R. Civ. P. 26(b)(2)(C), 45(c); *Marozsan v. Untied States*, 90 F.3d 1284, 1290 (7th Cir. 1996). As such, this request is **GRANTED IN PART**, and the Clerk of Court is **DIRECTED** to provide Plaintiff with the requested number (10) of subpoena forms, blank and unsigned. Plaintiff shall complete the forms and submit them to the Court for review. Plaintiff shall take the appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to the claims or defenses.

With respect to Plaintiff's request for a copy of the Local Rules, Plaintiff's request is **DENIED**. Plaintiff is **ADVISED** that there is a fee of $3.00 to obtain a copy of such. Therefore, upon receipt of $3.00, the Clerk of Court will forward a copy of the Local Rules to Plaintiff.

Finally, with respect to Plaintiff's request for a receipt for all filing fees paid, Plaintiff is **ADVISED** that he has not been ordered to pay any filing fees in this case (14-cv-941-NJR-DGW) as of December 4, 2014. However, Plaintiff has made the following payments in another, related case pending in this District, captioned 14-cv-800-NJR-DGW:

1. Paid fee of $34.57 on August 7, 2014
2. Paid fee of $20.44 on August 21, 2014
3. Paid fee of $60.00 on September 18, 2014
4. Paid fee of $3.13 on September 18, 2014
5. Paid fee of $2.40 on October 23, 2014
6. Paid fee of $3.84 on November 20, 2014
7. Paid fee of $40.00 on November 20, 2014

**Motion Pursuant to 735 ILCS 5/2-622 Compliance or for Extension of Time (Doc. 59)**

In this Motion, Plaintiff asks the Court to either find that he has technically complied with the requirements of 735 ILCS 5/2-622 or, in the alternative, grant him an extension of time to proffer an expert report so that he may comply with 735 ILCS 5/2-622.

In the Court's Memorandum and Order dated August 28, 2014 (Doc. 1), the Court found that Plaintiff's Complaint asserted a medical negligence claim against Defendants Wexford, Johnson, Lochhead, Trost, Shearing, Walls, and Baker. The Court noted that while it has supplemental jurisdiction over this state law negligence claim, Plaintiff failed to provide the necessary affidavit pursuant to 735 ILCS 5/2-622(a) ("Section 2-622") to pursue this claim. Accordingly, the Court ordered Plaintiff to file the necessary affidavit within 60 days of the date of the Order. Plaintiff's failure to do so, the Court warned, would result in the dismissal, without prejudice, of Plaintiff's state law medical negligence claim.

In the Motion currently pending, Plaintiff has provided evidence of his efforts to secure the necessary affidavits. However, his efforts were to no avail. As such, Plaintiff asks the Court to take judicial notice that one of Plaintiff's treating physicians, Dr. Omar Ahmad, meets the qualifications of a health care professional under Section 2-622, and rely on Dr. Ahmad's examination records as a substitute for the affidavit serving as a certificate of merit.

Defendants Wexford Health Sources, Inc., Dr. Robert Shearing, Dr. John Trost, and Dr. Mark Baker filed a response to Plaintiff's Motion on October 27, 2014 (Doc. 64). In their response, Defendants assert that Plaintiff is attempting to forgo filing an affidavit and, in its place, rely on the office records of his treating physician who declined to participate in this litigation. Further, Defendants contend that the circumstances in this case do not justify an extension of time to file the necessary affidavits.

Defendant Dr. Christine Lochhead filed a response to Plaintiff's Motion on October 27, 2014 (Doc. 65). Defendant Lochhead asserts that Plaintiff should not be allowed to rely on the materials from Dr. Ahmad, as his materials are insufficient to meet the requirements of Section 2-622. More specifically, Defendant Lochhead contends that Dr. Ahmad's materials do not establish any purported wrongdoing of any physician in this action. Further, Defendant Lochhead points to the absence of any statements regarding wrongdoing with respect to the treatment of Plaintiff's right eye in Dr. Ahmad's materials. Although Defendant Lochhead objects to Plaintiff's attempt to use Dr. Ahmad's materials as an affidavit in this matter, Defendant Lochhead indicates that she has no objection to a short extension of time for Plaintiff to provide the necessary affidavit.

The Court notes at the outset that Plaintiff's Motion is well written and sets forth a compelling argument. Although the Court certainly understands the difficulties Plaintiff is having securing the affidavits required to comply with Section 2-622, it finds that Dr. Ahmad's materials are insufficient to meet the technical requirements of the Illinois Statute.

The purpose of Section 2-622 is to minimize frivolous malpractice suits. As such, a plaintiff filing medical malpractice claims in Illinois must provide a physician's certificate of merit and accompanying report. *Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000). The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." *Id.*; 735 ILCS § 5/2-622. Further, a certificate and report must be filed "as to each defendant who has been named in the complaint." *Id.* Although Illinois courts liberally construe certificates of merit in favor of the plaintiff, *see Sherrod*, 223 F. 3d at 615, in the circumstances presented here, the Court finds that Dr. Ahmad's materials, including a letter he sent to Plaintiff indicating he "would not feel

comfortable serving as an expert witness," and the examination records dated August 1, 2012 and October 31, 2012, are insufficient to meet the requirements of Section 2-622. In particular, a review of Dr. Ahmad's materials reveals that there is no indication he reviewed Plaintiff's case and made any finding as to its reasonableness. Moreover, Dr. Ahmad makes no mention as to any of the Defendants mentioned in Plaintiff's Complaint. Accordingly, Plaintiff's request that the Court accept Dr. Ahmad's materials as sufficient is **DENIED**. The Court notes that in his Motion, Plaintiff relied on a decision by the Seventh Circuit Court of Appeals allowing a plaintiff to use his surgeon's report to support the reversal of a summary judgment. However, Plaintiff failed to provide the citation for this opinion and, as such, the Court has been unable to review the decision for any applicability it may have in this case.

Plaintiff has also requested that, in the alternative, the Court grant him an extension of time to file the necessary affidavits required to support his medical malpractice claim. Plaintiff relies on Section 2-622(a)(2) and (3) to support his request for an extension. Although the Court finds that neither 2-622(a)(2) nor 2-622(a)(3) are applicable in this instance, it is inclined, in the interest of justice, to grant Plaintiff additional time to file the necessary affidavits to support his medical malpractice claim. Accordingly, Plaintiff's request for an extension of time is **GRANTED**. Plaintiff is granted an **additional 45 days** from the date of this Order to file the required affidavit/certificates.

**Motion for Clarification of Record and for Miscellaneous Relief Instanter (Doc. 62)**

In this Motion Plaintiff asks that the Court either docket the 326 pages of exhibits that were submitted in support of his complaint, or return them to Plaintiff. This request is **GRANTED**. Plaintiff is **ADVISED** that the documents will be returned to Plaintiff via U.S. mail. The Clerk of Court is **DIRECTED** to send the requested 326 pages of exhibits to Plaintiff's last known address.

Plaintiff further requests that a Pavey Hearing be set as soon as possible to resolve the issue of exhaustion. Plaintiff is **INFORMED** that a Pavey Hearing will be set as soon as practicable.

Plaintiff asks the Court to clarify whether he must provide paper copies of his filings. More specifically, Plaintiff suggests that if his filings are docketed electronically and provided to all parties in this format, it is unreasonable to expect Plaintiff to send paper copies to all parties as well. Plaintiff's request for clarification is **GRANTED**. Pursuant to Rule 5(b)(3), if a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E). In this District, electronic service of the "Notice of Electronic Filing" constitutes service of the filed document and satisfies the certificate of service requirement. Accordingly, Plaintiff is **ADVISED** that electronic filing with an accompanying "Notice of Electronic Filing" is sufficient for certificate of services purposes and he need not mail paper copies of his filings to Defendants.

Plaintiff also asks for the relief he requested in his Motion for Recruitment of Counsel (Doc. 3). Plaintiff's request is **DENIED**. Plaintiff is **ADVISED** that this Motion is still pending before the Court and he will receive an Order on this Motion as soon as practicable.

Plaintiff asks the Court to notify him of whether any of the Defendants in this matter have consented for the case to be heard before a Magistrate Judge. Plaintiff's request is **DENIED**. Plaintiff is **ADVISED** that such consents are confidential and the parties will only be notified of the status of the consents if and when each party has filed a consent.

Further, Plaintiff asks the Court to order Attorneys Dugan and Tolbert to serve Defendant Baker. Defendants Wexford, Shearing, Trost, and Baker responded to Plaintiff's request (Doc. 67) and indicated that counsel entered an appearance and filed an answer on Defendant Baker's behalf with his verbal consent, thereby making personal service on him unnecessary.

Accordingly, Plaintiff's request for service on Defendant Baker through his attorneys is **DENIED**.

Plaintiff asks the Court for an order on his Motion for Clarification and Request for Missing Documents (Doc. 41). Specifically, Plaintiff asks the Court to provide him with a copy of the docket sheet. As detailed above, the Court has ruled on Plaintiff's requests mentioned in his Motion for Clarification. Accordingly, Plaintiff's request is **MOOT**.

Plaintiff also asks the Court to grant him the relief he seeks in his Motion for Subpoenas and Local Court Rules (Doc. 46). Again, as detailed above, the Court has ruled on Plaintiff's requests and, accordingly, Plaintiff's request is **MOOT**.

Plaintiff further requests clarification as to why he has not received pages 357-474 of the documents filed in this case. Plaintiff's request for clarification is **GRANTED**. Plaintiff is **ADVISED** that pages 357-467 were stricken by the Court as they were documents that are already filed in this case (Doc. 53). Further, with respect to pages 468-474 that Plaintiff avers he is missing, the Court notes that these page numbers correspond to the Motion for Protective Order (Doc. 52) filed by Defendants Baker, Shearing, Trost, and Wexford. The Court finds that Plaintiff filed an objection to Defendants' Motion on October 27, 2014. Accordingly, it appears that Plaintiff has received a copy of pages 468-474.

Finally, Plaintiff asks the Court to rule on his Motion for Extension of Time to Respond to Defendants' Multiple Filings (Doc. 57). Plaintiff's request is **MOOT**. The Court determined Plaintiff's Motion for Extension of Time was moot on November 19, 2014 (Doc. 73), citing the fact that Plaintiff had timely filed his responses to Defendants' Motions.

### Motion to Submit Supplemental Notice of Filing/Certificate of Service and Request for Rulings on Pending Requests for Relief (Doc. 70)

In this Motion, Plaintiff asks the Court for leave to file a supplemental notice of

filing/certificate of service as it relates to Document 41, Plaintiff's reply to Defendant's response to Plaintiff's Motion for Temporary Restraining Order (Doc. 69). The Court takes notice that Plaintiff provided copies of his reply brief to the parties in this action. Accordingly, this relief is **GRANTED**.

Plaintiff also asks the Court to grant him the relief he seeks in his Motion for Clarification and Request for Missing Documents (Doc. 41). Specifically, Plaintiff asks the Court to provide him with a copy of the docket sheet. As detailed above, the Court has ruled on Plaintiff's requests mentioned in his Motion for Clarification. Accordingly, Plaintiff's request is **MOOT**.

Plaintiff also asks the Court to grant him the relief he seeks in his Motion for Subpoenas and Local Court Rules (Doc. 46). Again, as detailed above, the Court has ruled on Plaintiff's requests and, accordingly, Plaintiff's request is **MOOT**.

Further, Plaintiff asks the Court to deny the Motion for Protective Order (Doc. 52) filed by Defendants Baker, Shearing, Trost, and Wexford Health Sources, Inc. Plaintiff is **ADVISED** that although his objection was noted, the Court granted in part Defendants' Motion for Protective Order on November 19, 2014 (Doc. 72). Accordingly, Plaintiff's request is **DENIED**.

Plaintiff asks the Court to rule on his Motion for Extension of Time to Respond to Defendants' Multiple Filings (Doc. 57). Plaintiff's request is **MOOT**. The Court determined Plaintiff's Motion for Extension of Time was moot on November 19, 2014 (Doc. 73), citing the fact that Plaintiff had timely filed his responses to Defendants' Motions.

Finally, Plaintiff asks the Court to address the various requests he made in his Motion for Clarification of Record and for Miscellaneous Relief Instanter (Doc. 62). As detailed above, the Court has issued its rulings on Plaintiff's various requests put forth in his Motion for Clarification and, as such, this request is **MOOT**.

**IT IS SO ORDERED.**

**DATED: December 9, 2014**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**