IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BARROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-CV-941-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. ERIC JOHNSON, DR. CHRISTINE | ) |
| LOCHHEAD, DR. J. TROST, DR. | ) |
| ROBERT SHEARING, GAIL WALLS, | ) |
| DR. BAKER, and WARDEN OF | ) |
| MENARD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on January 14, 2015 (Doc. 84). Magistrate Judge Wilkerson recommends that Plaintiff Ronald Barrow's Second Motion for Temporary Restraining Order (Doc. 4) be denied. Barrow filed a timely objection on January 26, 2015 (Doc. 85). For the reasons set forth below, Magistrate Judge Wilkerson's Report and Recommendation is adopted in its entirety.

### BACKGROUND

Plaintiff Ronald Barrow, an inmate at Menard Correctional Center ("Menard"), brought this action alleging constitutional violations against various medical staff at Menard relating to his ocular health. Specifically, Barrow claims that Defendants were deliberately indifferent to his serious medical needs by failing to provide adequate eye

care since 2012, resulting in the complete loss of vision in his right eye and progressive vision loss in his left eye. Magistrate Judge Wilkerson provided an exhaustive review of the factual background leading up to the filing of this action. The Court finds Magistrate Judge Wilkerson's review to be accurate and thorough.

Barrow filed his original Complaint on July 11, 2014, alleging an Eighth Amendment deliberate indifference claim, a medical negligence claim, and also a motion seeking a temporary restraining order (*see* Doc. 1). In his motion, Barrow seeks to compel Defendants to provide immediate eye treatment, including the removal of scar tissue in his right eye, the removal of a cataract from his left eye, and treatment for his lower back pain (Doc. 4). Barrow's motion (styled Second Motion for Temporary Restraining Order) was severed from his Eighth Amendment and medical negligence claims (Doc. 1). The motion for temporary restraining order is the subject of this action.

## CONCLUSIONS OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Barrow's motion was incorrectly characterized as a temporary restraining order, and that Barrow failed to meet the threshold burden for a preliminary injunction. Magistrate Judge Wilkerson recognized that Barrow's claims of total vision loss in his right eye and increasingly diminished vision in his left were unsubstantiated, and that the wealth of medical records in this matter indicated that Barrow's likelihood of success did not warrant injunctive relief. Additionally, Magistrate Judge Wilkerson denied injunctive relief with respect to Barrow's claim of back pain because it was unrelated to the suit at hand.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject, or modify the magistrate judge's recommended decision. *Harper*, 824, F. Supp. at 788. In making this determination, the Court must first look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* 12 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part). Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Barrow has lodged a plethora of objections (some thirty-eight numbered paragraphs) to Magistrate Judge Wilkerson's Report and Recommendation--many of which represent general objections or no objection at all. But only specific objections are appropriate for review. *Id*. With this in mind, the Court has considered all of Barrow's objections and finds the following issues appropriate for review:

(1)   Whether or not an evidentiary hearing was required;

(2)   Whether Magistrate Judge Wilkerson relied upon an erroneous or misconstrued factual account;

(3)   Whether or not Defendant Trost's declaration is reliable; and

(4)   The characterization of Barrow's motion as a preliminary injunction

versus a temporary restraining order and whether the threshold requirement was met.

**Evidentiary Hearing**

Barrow complains that he was unlawfully denied an evidentiary hearing on his motion for injunctive relief. He argues that because sufficient factual discrepancies exist, a hearing is mandatory. But the court has discretion as to whether or not an evidentiary hearing is necessary for a preliminary injunction. *See People of State of Ill. ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1342 (7th Cir. 1989); *see also Drywall Tapers & Pointers of Greater New York, Local 1974 of I.B.P.A. T., AFL-CIO v. Local 530 of Operative Platerers & Cement Masons Int'l Ass'n*, 954 F.2d 69, 76 (2d Cir. 1992); *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988); *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984). Here, Magistrate Judge Wilkerson found no reason to hold an evidentiary hearing based on the robust medical record available. And this Court agrees that an evidentiary hearing was neither required nor necessary.

**Factual Account Challenge**

Barrow also makes a number of objections disputing Magistrate Judge Wilkerson's factual findings in the Report and Recommendation. Specifically, he argues that the Report and Recommendation omitted that his vision problems had been overlooked by Defendants since 2006, that Defendant Johnson failed to address a large floater, which was a warning sign of a detached retina, and that medical records show he completely lost vision in his right eye prior to surgery and vision in his left was continuously deteriorating in the same fashion.

Barrow's argument that his vision problems were overlooked since 2006 is

unsubstantiated. A review of the complaint and supporting record (Doc. 2, Ex. 1, ¶114-16) fail to reveal any medical record or parallel evidence beyond Barrow's assertion. And, even if they had, the matter is of little consequence to the injunction at hand.

Barrow also complains that the Report and Recommendation omitted or misconstrued that Defendant Johnson failed to address the floater in his eye. This allegation is a nonstarter. As Magistrate Judge Wilkerson noted in the Report and Recommendation, "[i]n late July 2012, Plaintiff began seeing floaters in his left eye, and informed Defendant Johnson of this on July 24, 2012. However, Plaintiff asserts that Defendant Johnson failed to respond" (Doc. 84, p. 2). The Court sees no reason to find Magistrate Judge Wilkerson's account as a misconstruction. In fact, the account appears to address Barrow's concern directly.

And finally, Barrow argues that the Report and Recommendation is clearly erroneous in finding no evidence to support that he experienced total vision loss in his right eye and continued to suffer continuous vision loss in his left. For support, he offers his own affidavit (Doc. 85, Ex. 1) and two medical records (Doc. 85, Ex. 2-3). His affidavit merely recites his objection without offering any additional or parallel evidence. And the medical records do not mention any continual vision loss in his left eye or that he completely lost vision in his right prior to surgery. Here again, Barrow has failed to substantiate his position, and the Court is unpersuaded by his objection.

**Defendant Trost's Affidavit**

Barrow also attacks the truthfulness of Defendant Trost's affidavit, pointing out

specific contradictions with medical records or offering a personal objection where he finds the declaration misleading (Doc. 54, Ex. 1).  For example, Trost declares that Barrow's visual acuity on September 9, 2014, was 20/50 in his left eye, and conditions were stable and not considered visually significant (*Id*. at ¶30).  Barrow presents medical records, however, indicating his visual acuity was 20/400 or 20/80 in his left eye on October 15, 2014 (Doc. 85, Ex. A5, p. 3).  According to Barrow, this discrepancy proves Trost's declaration untrustworthy.  A review of the medical records Trost relies upon, however, show Barrow's non-corrected visual acuity at the counting fingers range in his left eye (which is very low), and his corrected visual acuity was reported to be 20/50 in his left eye (Doc.54, Ex. 2, p. 77).  The record Barrow relies upon provides that his visual acuity was 20/400 or 20/80 in his left eye, and the comments section notes that he did not bring his glasses with him.  The record is not clear whether the reported 20/400 or 20/80 was corrected or not, but the comment section seems to indicate that the acuity numbers were uncorrected.  Unfortunately, neither party has shed additional light on this point.  In any event, the record is certainly not clear enough to prove Trost's declaration untruthful.

      Barrow also attacks Trost's declaration for allegedly omitting information.  The Court has reviewed Barrow's arguments and citations as to the omitted material, but is again unpersuaded that Trost's declaration is untrustworthy or unreliable on this basis.  The information for which Barrow complains was otherwise available to Magistrate Judge Wilkerson.  The Court finds no reason to find any omitted information here to be misleading.

After thoroughly reviewing Barrow's factual objections and the record, the Court is not persuaded that Magistrate Judge Wilkerson misapplied or failed to consider the relevant evidence before making his recommendation. The factual accounting in the Report and Recommendation is both thorough and accurate. Accordingly, the Court accepts Magistrate Judge Wilkerson's factual findings in its entirety.

**Preliminary Injunction**

Finally, Barrow makes a number of objections to the analysis Magistrate Judge Wilkerson made with regard to his injunctive motion. First, he argues that his motion was unlawfully converted from a temporary restraining order to a preliminary injunction. Barrow also argues that Magistrate Judge Wilkerson did not properly analyze his claim.

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders. The primary difference between a temporary restraining order ("TRO") and a preliminary injunction is that a TRO may be issued "before the adverse party can be heard in opposition." FED. R. CIV. P. 65(B)(1)(c). Nomenclature is not determinative. *See Doe v. Village of Crestwood, IL*, 917 F.2d 1476, 1477 (7th Cir. 1990). In this case, Defendants had ample opportunity to be heard and fully briefed the issue. As such, Magistrate Judge Wilkerson characterized the motion as a preliminary injunction. The Court agrees this was proper and finds that Barrow's motion is a *de facto* motion for preliminary injunction.

In any event, whether the movant seeks a TRO or preliminary injunction he "must show that [he] is reasonably likely to succeed on the merits, [he] is suffering

irreparable harm that outweighs any harm the non moving party will suffer if the injunction is granted, there is no adequate remedy of law, and an injunction would not harm the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Barrow fails to meet the threshold showing that he is reasonably likely to succeed on the merits. He likewise has not shown that he is suffering irreparable harm or that he has no adequate remedy in law.

Barrow is unable to establish a likelihood of success on the merits due to the robust medical record. He argues that the records are not determinative of his claim and are also so misleading or untruthful that they demonstrate a "culpable state of mind" on the part of Defendants ( See Doc. 85, p. 7). But to prevail on his underlying claim, Barrow must show that his medical condition was "objectively, sufficiently serious" and that the "prison official acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). To demonstrate that a defendant acted with a sufficiently culpable state of mind, a plaintiff must put forth evidence that the defendant knew of a serious risk to the prisoner's health and consciously disregarded the risk. *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). Negligence, gross negligence, or even "recklessness," as that term is used in tort cases, is not enough. *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). Here, the medical records demonstrate that Barrow received continual medical care and treatment for his various eye conditions. And, as Magistrate Judge Wilkerson noted, he was seen on at least twelve occasions between February 23, 2012, and August 22, 2014.

Barrow objects to this analysis arguing that Defendants doggedly persisted in an

ineffective course of treatment, but he has not presented evidence to support this claim. On the contrary, the records show numerous medical consultations and treatment over the course of several years. Though the Court is sympathetic to Barrow's medical condition, he is not entitled to "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Based on a review of the medical records, the Court agrees with Magistrate Judge Wilkerson's analysis. The record does not support a finding that Defendants acted with a sufficiently culpable state of mind as to demand injunctive relief.

Barrow's medical records also fail to support his assertion of irreparable harm absent injunctive relief. He argues that he previously experienced this exact malady, only in the opposite eye, and it resulted in total vision loss until it was surgically repaired. Thus, according to Barrow, total vision loss in his left eye is inevitable unless he is provided the same surgical correction. Here again, however, he offers no support for his claim of total vision loss prior to the previous surgery or that he will experience the same in his left if surgery is denied. On the contrary, the medical records indicate that his ocular health is stable (*see* Doc. 54, Ex. A, ¶30; Doc. 54, Ex. 2, p. 77).

Finally, Barrow also has an adequate remedy in law to resolve his dispute--his underlying claim of deliberate indifference. Though he takes issue with the trial schedule, Barrow will have the opportunity to present his case before a jury of his peers.

In sum, the Court finds no justification for the "extraordinary and drastic remedy" of injunctive relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Barrow has clearly failed to reach his threshold burden for injunctive relief, and the Court finds

no reason to reject Magistrate Judge Wilkerson's recommendation.

CONCLUSION

Accordingly, Magistrate Judge Wilkerson's Report and Recommendation (Doc. 84) is **ADOPTED** in its entirety. Barrow's Second Motion for Temporary Restraining Order (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 6, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**