IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-941-NJR-DGW |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions filed by Plaintiff, Ronald Barrow:

1. Motion for Leave to File Amended/Supplemental Complaint against All Defendants filed on November 25, 2014 (Doc. 75);

2. Motion for Notification as Relates to Doc. 74 and Request for Scheduling and Discovery Order filed on December 1, 2014 (Doc. 76);

3. Motion for Ruling on Pending Motions Filed by Plaintiff Instanter filed on January 7, 2015 (Doc. 81);

4. Motion for Final Decision to Resolve 735 ILCS 5/2-622 or Motion for Alternative Relief filed on January 14, 2015 (Doc. 83);

5. Motion for Copy of Civil Docket Sheet filed on March 9, 2015 (Doc. 101); and

6. Motion for Clarification, Motion for Ruling on Pending Pleadings filed on March 31, 2015 (Doc. 108).

The Court has reviewed the above-mentioned motions and any responses filed thereto and finds as follows:

**1. Motion for Leave to File Amended/Supplemental Complaint (Doc. 75).**

Plaintiff is currently proceeding on a deliberate indifference claim against Defendants

Johnson, Lochhead, Trost, Shearing, Walls, Baker, and Wexford for failing to provide adequate care for his eye conditions.   In his Motion to Amend, Plaintiff seeks to add allegations relating to his deliberate indifference claim that occurred after the filing of his complaint and also seeks to add two state law claims.   In particular, Plaintiff seeks to add two claims of negligence, the first based on "failure to train employees amounting to institutional negligence" and the second based on the theory of *res ipsa loquitur*.

Federal Rule of Civil Procedure 15 provides that this Court may grant leave to amend a complaint and that leave should be freely given.   However, leave may be denied if there has been undue delay or because of futility of the amendment.   *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).   The claims founded in negligence that Plaintiff is attempting to bring are unclear. Plaintiff offers no substantive argument as to what these claims are or what state law or statutory authority permits such claims.   However, the Court finds that justice so requires Plaintiff be granted leave to include additional allegations to support his deliberate indifference claim. Accordingly, Plaintiff's Motion to Amend is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is permitted to amend his complaint to include allegations numbered "S-183" through "S-210"; however, Plaintiff's request to add two additional state claims is denied.   The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint.

## 2. Motion for Notification as Relates to Doc. 74 and Request for Scheduling and Discovery Order (Doc. 76).

The Court construes this filing as a Motion for Ruling on Plaintiff's reply to Defendants' response to his motion asking the Court to find that he has technically complied with the requirements of 735 ILCS 5/2-622 or, in the alternative, grant him an extension of time to proffer

an expert report so that he may comply with 735 ILCS 5/2-622 (Doc. 59).   Plaintiff is **ADVISED** that the Court does not issue orders in response to replies.   Plaintiff is **INFORMED** that this Court issued an Order on December 9, 2014 denying Plaintiff's request that the Court find he has technically complied with the requirements of 735 ILCS 5/2-622 and granting him additional time, up to and including January 23, 2015, to proffer an expert report.   In making such determination, the Court duly considered Plaintiff's reply and no further action regarding Document 74 is required.   As such, Plaintiff request for a ruling on his reply is **DENIED**.

Plaintiff also included a request that the Court issue a scheduling and discovery order in this case.   The Court manages its docket as it deems necessary.   Accordingly, Plaintiff's request is **DENIED**.   Plaintiff is **INFORMED**, however, that the undersigned entered a scheduling order in this case on January 7, 2015.

3.   **Motion for Ruling on Pending Motions Filed by Plaintiff Instanter (Doc. 81)**.

In this Motion, Plaintiff makes the following requests: (1) that the Court schedule a Pavey Hearing in this matter; (2) that the Court issue an order on his pending motion for preliminary injunction; and (3) that the Court rule on his motion for leave to file an amended complaint (Doc. 75) and all other pending motions.   Plaintiff's requests are **DENIED**.   The Court manages its docket as it deems necessary.   Plaintiff is advised that the Court will respond to his motions as expeditiously as possible.

4.   **Motion for Final Decision to Resolve 735 ILCS 5/2-622 or Motion for Alternative Relief (Doc. 83)**.

In this Motion, Plaintiff seeks a "final decision" to resolve issues related to the affidavit requirement set forth in 735 ILCS 5/2-622.   Plaintiff has brought forth numerous subparts in this motion regarding issues pertaining to his requirement to obtain an affidavit to proceed on his

medical malpractice claim.   The Court declines to address each subpart.   However, for clarification, the Court explains that in District Judge Rosenstengel's screening order (Doc. 1), the Court found that Plaintiff had asserted a medical negligence claim against Defendants Wexford, Johnson, Lochhead, Trost, Shearing, Walls, and Baker.   As stated in the screening order, this claim arises under Illinois state law, not federal law.   Under Illinois law, a Plaintiff **must** file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and the affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of records).   *See* 735 ILL. COMP. STAT. §5/2-622(a).

In Judge Rosenstengel's screening order, Plaintiff was warned that his failure to file the required certificate within 60 days of the date of the Order would result in dismissal, without prejudice, of his medical malpractice claim.   On October 20, 2014, Plaintiff requested that the Court find that he had either technically complied with the requirements of 735 ILCS 5/2-622 or, in the alternative, grant him an extension of time to proffer an expert report.   The undersigned found that Plaintiff had not technically complied with the statutory requirements, but granted Plaintiff an extension of 45 days, until January 23, 2015 to file the required affidavit (Doc. 80). The Court's decision with respect to these matters was not preliminary.   Accordingly, it appears that Plaintiff is asking the Court to reconsider its decision.   The Court has reviewed Plaintiff's

Page **4** of **7**

arguments and finds that Plaintiff has not set forth a substantial reason why the Court should reconsider its ruling.   Accordingly, Plaintiff's Motion for Final Decision is **DENIED**.

### 5. Motion for Copy of Civil Docket Sheet (Doc. 101)

Plaintiff seeks a copy of the docket sheet in this matter.   Plaintiff avers he submitted a $5.00 money voucher addressed to the Court to cover the cost of the docket sheet.   The Court notes that the Clerk of Court sent Plaintiff a docket sheet on March 26, 2015 (*see* Doc. 108, p. 1). Accordingly, Plaintiff's Motion is **MOOT**.

### 6. Motion for Clarification of Record and Motion for Ruling on Plaintiff's Pending Pleadings (Doc. 108).

In this Motion, Plaintiff requests the following: (1) a ruling on his pending motions (Docs. 75, 76, 81, 83); (2) a Pavey Hearing; (3) clarification as to whether District Judge Rosenstengel's Order at Document 100 is a final decision; (4) a ruling on his objection to the undersigned's denial of his request for appointment of counsel at Document 105; and (5) clarification of rules regarding electronic filing as it applies to this case.   Plaintiff also objects to having to pay for copies of his docket sheet in this case.

Plaintiff's requests for rulings on particular motions and his request that the Court set a Pavey Hearing are **DENIED**.   The Court manages its docket as it deems necessary.   Plaintiff is advised that the Court will respond to his motions as expeditiously as possible.   Plaintiff's filing of motions requesting rulings on motions already pending only impedes the Court's ability to expeditiously address his substantive requests.

Plaintiff's request for clarification regarding Judge Rosenstengel's Order at Document 100 is **GRANTED**.   Plaintiff is **ADVISED** that this is a final order of the Court with respect to his motion for preliminary injunction.

The Court notes that Plaintiff has objected to the undersigned's denial of his motion to recruit counsel.   Plaintiff argues that the undersigned indicated he would attempt to recruit him counsel in this matter and another pending matter (14-cv-800) at a Pavey Hearing held in 14-cv-800.   After the conclusion of the hearing, the Court further considered Plaintiff's request, and determined that recruitment of counsel is not warranted at this time, as stated in the Court's Order at Document 105.   Having reviewed the objections Plaintiff sets forth in Document 107, the Court concludes that Plaintiff has not presented a substantial reason why the Court should reconsider its ruling.   Accordingly, Plaintiff's objection to the Court's ruling on his motion to appoint counsel is **DENIED**.

With regard to Plaintiff's complaints about the electronic filings in this case, Plaintiff's request is **DENIED WITHOUT PREJUDICE**.   Plaintiff failed to produce a copy of the order he is seeking clarification on and, as such, the Court is unable to address his request for clarification.

Finally, Plaintiff's objection to having to pay for copies of the docket sheet in this matter is noted.   Plaintiff is **ADVISED** that the Court is not required to provide courtesy copies of documents filed in this case, including copies of docket sheets.   As published in the Court's pro se litigant's handbook, copies of documents cost $0.50 per page.

### CONCLUSION

In reviewing Plaintiff's numerous motions, it is apparent to the undersigned that Plaintiff consistently includes many subparts and various requests for relief in each of his motions.[1]   This matter of motion practice has become untenable for the Court.   Accordingly, Plaintiff is **ADVISED** that any further motions **SHALL** include only _one_ specific request for relief so that the

---

[1] *See* Document 105, wherein Plaintiff makes requests that are broken into approximately ten subparts, each requesting different relief from the Court.

Court may address his request more expeditiously.  Importantly, Plaintiff is not limited in his ability to file various motions, but only in his ability to include numerous requests in one motion. Plaintiff's failure to follow the direction of the Court on this matter will result in a summary denial, without prejudice, of his motion and he will be directed to follow the directions of the Court, as set forth above.

**IT IS SO ORDERED.**

**DATED: April 10, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**