IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BARROW, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-CV-00941-NJR-DGW |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| DR. ERIC JOHNSON, DR. CHRISTINE | ) |
| LOCHHEAD, DR. JOHN TROST, ST. | ) |
| ROBERT SHEARING, GAIL WALLS, | ) |
| DR. BAKER, and KIMBERLY BUTLER, | ) |
| | ) |
|     Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 168), recommending that Defendant Dr. John Trost (Doc. 86) and Nurse Gail Walls's (Doc. 94) Motions for Summary Judgment be granted for failure to exhaust administrative remedies, and that the Motion for Summary Judgment filed by Dr. Eric Johnson be denied (Doc. 92). The Report and Recommendation was entered July 16, 2015 (Doc. 168). Plaintiff filed timely objections to the Report and Recommendation (Docs. 172, 173, 174).

### BACKGROUND

Plaintiff Ronald Barrow, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983, alleging his constitutional

rights have been violated. The undersigned screened Plaintiff's complaint and severed it into two separate actions (Doc. 1). Pursuant to the undersigned's order, Plaintiff was allowed to proceed on the following claims in this lawsuit:

> **Count 1**: Eighth Amendment deliberate indifference claim against Defendants Dr. Johnson, Dr. Lochhead, Dr. Trost, Dr. Shearing, Walls, Dr. Baker, and Wexford Health Sources, Inc. ("Wexford") for failing to adequately treat Plaintiff's serious eye conditions.
>
> **Count 2:** Medical negligence claim in violation of Illinois State law against Defendants Wexford, Dr. Johnson, Dr. Lochhead, Dr. Trost, Dr. Shearing, Walls, and Dr. Baker.

Plaintiff's claims relate to the medical care, or lack thereof, he has received for his various eye conditions, including a detached retina, scarring, and cataracts, since 2012 at Menard. Plaintiff has named the following defendants in this lawsuit: Dr. Eric Johnson and Dr. Christine Lochhead (optometrists who provided treatment to Plaintiff at Menard during the time relevant to this lawsuit); Dr. John Trost, Dr. Mark Baker, and Dr. Robert Shearing (Medical Directors serving at Menard during the time relevant to this lawsuit); Gail Walls (a nursing director at Menard during the relevant time); Wexford Health Sources, Inc. (a private entity that contracts with the IDOC to provide medical care to inmates); and Kimberly Butler (the warden of Menard, who is named a defendant only for purposes of injunctive relief).

Defendants Dr. John Trost, Dr. Eric Johnson, and Gail Walls filed motions for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies before filing suit (*see* Docs. 86, 92, and 94, respectively). Plaintiff timely responded to each Defendant's motion (*see* Docs. 97, 102, 103, and 106). On April 30, 2015, Magistrate Judge Donald G. Wilkerson held a hearing on Defendants' motions pursuant to *Pavey v.*

*Conley*, 544 F.3d 739 (7th Cir. 2008); Plaintiff appeared by video-conference and proffered testimony regarding grievances he filed in regard to this matter.

## FINDING OF FACT

As indicated above, Plaintiff's claims in this action arise from the alleged inadequate medical care he received for his eye conditions, which has resulted in vision loss in both eyes. According to Plaintiff's complaint, he has suffered progressive vision loss dating back to 2006; however, his complaints in this matter primarily focus on care received since 2012 at Menard. In seeking summary judgment on the issue of exhaustion, Defendants Dr. Trost, Dr. Johnson, and Walls point to two grievances filed by Plaintiff concerning medical treatment for his eye conditions during the relevant time period. Defendants argue these grievances, dated December 5, 2012, and March 18, 2013, are not sufficient to exhaust the claims brought against them.

Plaintiff's **December 5, 2012** grievance (Def. Ex. A, Doc. 87-2, pp. 6, 13-16) complains of the medical treatment he has received for his eye conditions. In particular, Plaintiff complains of the pervasive pattern of Wexford's policies that are designed to save cost over providing adequate health care. Plaintiff writes that he has dealt with various Menard medical directors, including Dr. Feinerman, Dr. Fahim, Dr. Shepard, and, after not being seen by the "latest" medical director, Dr. Shearing, he was left with "no other option except to file this instant grievance." Plaintiff complains that the blanket refusal to remove his cataract and scar tissue is clearly deliberate indifference. Plaintiff also recounts instances when he was examined by Dr. Johnson and Dr. Lochhead. Plaintiff's counselor responded to this grievance on January 3, 2013, and

Plaintiff submitted it to the grievance officer for review, who received it on January 15, 2013. The grievance officer responded on March 20, 2013, and the Chief Administrative Officer ("CAO"—usually the warden), concurred the same day. The Administrative Review Board ("ARB") received Plaintiff's appeal of the decision on April 4, 2013, and issued its final determination on the merits April 22, 2013, prior to Plaintiff filing his suit on July 11, 2014.

Defendants Dr. Trost, Dr. Johnson, and Walls do not dispute that this grievance was exhausted through the administrative process; however, they contend that this grievance is insufficient to exhaust Plaintiff's claims against them. In particular, Dr. Trost argues that because this grievance was filed *before* he became the Medical Director at Menard on November 25, 2013, and does not describe him, Plaintiff failed to comply with the Illinois Administrative Code in grieving his complaints against Dr. Trost. Dr. Johnson contends that because he last treated Plaintiff on August 1, 2012, and this grievance was filed beyond the sixty day time limit imposed by the Illinois Administrative Code, it is insufficient to exhaust the claims against him. Similar to Dr. Trost, Walls argues that Plaintiff failed to name or sufficiently describe her in this grievance and, as such, it is procedurally deficient to exhaust the claims brought against her.

With regard to Plaintiff's **March 19, 2013** grievance (Def. Ex. B, Doc. 87-5, pp. 61-63, 72-74 and 98-100), Plaintiff writes that it is a "follow-up and supplement" to his December 5, 2012, grievance that has been pending with the grievance officer since January 15, 2013 (discussed above). In this "supplemental" grievance, Plaintiff again

complains about that inadequate medical treatment he has received for his eye conditions. Plaintiff claims that Wexford, Dr. Shearing, Dr. Johnson, and Dr. Lochhead continue to refuse to provide necessary treatment for his eye conditions due to policy. Plaintiff recounts various examinations he has had with medical personnel, including Dr. Lochhead, Dr. Johnson, Dr. Baker, and Dr. Shearing, and sets forth his complaints regarding their treatment. Although the disposition of this grievance is somewhat unclear, as there are multiple copies before the Court signifying different dates on which it was received by the ARB and/or reviewed by Plaintiff's counselor, it appears that the ARB considered this grievance, along with the grievance dated December 5, 2012, in issuing its final decision on April 22, 2013. Defendants' arguments, as set forth above, apply in substance to the March 19, 2013, grievance, with Dr. Trost, Dr. Johnson, and Walls arguing that this grievance is insufficient to establish exhaustion for any Plaintiff's pending claims against them.

## CONCLUSION OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies in regards to Dr. Trost and Walls. Plaintiff's claim against Dr. Johnson, however, survives summary judgment. Specifically, Magistrate Judge Wilkerson studied the various grievances that Plaintiff filed and found that only two were relevant and related to the events subject to this suit: the grievances dated December 5, 2012, and March 19, 2013. Both of these grievances pertain to the same issue. Defendants do not dispute that Plaintiff exhausted his first grievance.

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 737(b)(1)(B),(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *See also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id*. (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Plaintiff filed two timely objections (Doc. 172, 173) and an exhibit to his second objection (Doc. 174). In Plaintiff's first objection, he reiterates his original arguments against Defendants. Plaintiff's second objection cites to several cases claiming that these cases are precisely on point with his case at hand. Plaintiff cites to a Seventh Circuit case that pertains to an inmate's statute of limitations for a cruel and unusual punishment claim. *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001). Plaintiff also cites to another Seventh Circuit case that affirms a lower court's decision to grant summary judgment for failure to exhaust administrative remedies. *Dixon v. Page et. at*, 291 F.3d 485 (7th Cir. 2002). But neither of Plaintiff's cited cases do anything to bolster his argument that summary judgment should not be granted to Dr. Trost and Walls. Finally, the exhibit filed by Plaintiff on July 29, 2015

(Doc. 174), addresses subsequent grievances he has filed in 2015. These grievances, however, are not at issue in this case.

The main question before the Court is whether Plaintiff fully exhausted his administrative remedies before filing suit. When reasonably feasible, the ARB is required to make a final determination within six months. ILL. ADMIN. CODE. TIT. 20 § 504.850(f). In order for Plaintiff's administrative remedies to be exhausted, he must have a final decision on the merits from the ARB. 42 U.S.C.A. § 1997e(a). Failure to exhaust all of these remedies is an affirmative defense, which defendants have the burden to prove. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). Plaintiff's complaint was filed August 28, 2014, sixteen months after the Administrative Review Board ("ARB") issued its final decision. Defendants Dr. Johnson, Dr. Trost, and Walls each individually filed motions for summary judgment (Docs. 92, 86, 94).

## I.    Dr. Eric Johnson

Dr. Johnson makes two primary arguments. First, Dr. Johnson argues that Plaintiff's grievances, dated December 5, 2012, and March 19, 2013, are untimely to exhaust the claims against him because he last saw Plaintiff on August 1, 2012, more than sixty days prior to filing of these grievances. Second, Dr. Johnson argues that even if Plaintiff's grievances were exhausted in a timely manner, they were not sufficient to put the prison on notice that Plaintiff was complaining about treatment provided by Dr. Johnson.

With respect to Dr. Johnson's first argument, the Court finds it to be unavailing. The complaints lodged in Plaintiff's grievances do not concern a particular "incident" wherein Dr. Johnson provided inadequate care; rather, Plaintiff's grievances complain of a continuing wrong, to which Dr. Johnson was a part. Such complaints do not lend themselves

to a requirement that following each "incident" Plaintiff must file a grievance within sixty days. *See Wilder v. Sutton*, 310 Fed. App'x 10, 15 (7th Cir. 2009). The Court finds that in this instance, it would be nonsensical to require Plaintiff to grieve every "incident" when his complaints relate to the inadequate totality of care, and, more precisely, the lack of follow-up care he received from his treating physicians, including Dr. Johnson. Moreover, the Court finds that Plaintiff's references to Dr. Johnson's treatment, including his note that he "saw Dr. Johnson on 7-23-2012," was sufficient to put the prison officials on notice that Johnson was a medical provider who was aware of his eye conditions and was not adequately addressing them. For these reasons, the Court finds Plaintiff sufficiently exhausted his claims as to Johnson prior to filing suit.

## II. Defendant Dr. John Trost

Dr. Trost avers that because Plaintiff's grievances pre-date when he became the medical director at Menard; they are insufficient to exhaust the claims against him. The Court agrees.

With regard to this Defendant, the question before the Court is whether, when grieving a continuing failure to provide adequate medical care, Plaintiff must file a grievance specifically identifying and implicating every healthcare provider against whom he subsequently files suit. This Court has found no Seventh Circuit Court of Appeals opinion directly on point, and the parties have not cited to any such case. Plaintiff argues, however, that because he is alleging a continuing violation, he is not required to file grievances as to each defendant who provides him subsequent care, as it will hinder his ability to file suit. Plaintiff's argument is correct insofar as the Seventh Circuit has held that "prisoners need not file multiple successive grievances raising the same issue (such as prison

conditions or policies) if the objectionable condition is continuing" in order to exhaust their administrative remedies. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Here, while there is no doubt that Plaintiff is complaining of the continuing lack of medical care, his grievances complaining of inadequate medical care received *preceding* Dr. Trost's tenure at Menard should not be imputed to this defendant. Plaintiff's claims against Dr. Trost are not based on a policy or practice, such as the policy or practice claim brought against Wexford (and considered in *Turley*); rather, Plaintiff's claims against Dr. Trost are related to the provision of treatment, or lack thereof, furnished and/or authorized by Dr. Trost. Accordingly, Plaintiff's change in treatment providers necessarily changed the conditions of the medical care provided, necessitating a new grievance. *See Burt v. Berner*, No. 13-794, 2015 WL 1740044 (S.D. Ill. Apr. 14, 2015). Accordingly, the Court finds that Plaintiff failed to exhaust as to Trost prior to filing this lawsuit.[1]

### III. Defendant Nurse Gail Walls

Walls argues that Plaintiff's grievances fail to name or describe her and, as such are insufficient to exhaust the claims against her. The Court agrees.

Plaintiff does not directly dispute that his December 5, 2012, and March 19, 2013 grievances fail to exhaust as to Walls; however, he asks the Court to rely on a grievance dated February 20, 2013, to which Walls wrote a response, and other letters written and/or from this Defendant, to find that Plaintiff exhausted his claims as to Walls. With regard to Plaintiff's February 20, 2013 grievance, Plaintiff has failed to provide evidence that it was properly exhausted. While there is a date and a signature of a counselor, there is not a

---

[1] The Court notes that at the *Pavey* hearing, Plaintiff complained that Trost failed to assert the affirmative defense of exhaustion in his answer to Plaintiff's amended complaint. Plaintiff's argument is non-starter, as Trost's motion for summary judgment on the issue of exhaustion was pending at the time his answer was filed, thus preserving his affirmative defense.

response from the counselor, nor is there a response from the grievance officer, warden, or ARB. Accordingly, this grievance was not exhausted and is insufficient to exhaust the claims against Walls. ILL. ADMIN. CODE TIT. 20, § 504.850(f); *Mlaska v. Shah*, 428 Fed.App'x. 642, 645 (7th Cir. 2011) ("When Mlaska filed suit, he had not allowed the prison a reasonable time to respond to his grievances, and thus we agree that he had not yet exhausted his available remedies); *Woodford v. Ngo*, 548 U.S. 81 (2006). Further, the Court does not find that Plaintiff's correspondence with Walls satisfies the exhaustion requirement. The Illinois Administrative Code, discussed in the Report and Recommendation, sets forth particular procedures which do not include informal writing correspondence with prison personnel. Although Plaintiff testified that the grievance procedure at Menard is "ineffective and unconstitutional," he did not provide any explanation as to how the "ineffective and unconstitutional" practices hindered his ability to exhaust his claims as to this particular Defendant. Thus, the Court finds that Plaintiff failed to exhaust his administrative remedies as to Walls prior to filing suit.

## CONCLUSION

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. Plaintiff did not fully exhaust his claims against Walls. It is well established that a Plaintiff must navigate his way through the formal grievance procedure before filing suit. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Because there is no case law on point to implicate Dr. Trost in this case, and his actions were not based on practice or policy at Menard, this Court cannot let Dr. Trost proceed as a defendant in this case. Plaintiff's grievance was a continuing one, meaning that he was not required to file a grievance after every incident. Thus, because Dr. Johnson's care was ongoing, he shall

remain a party in this suit.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 168). Defendants Trost and Walls's Motions for Summary Judgment on the Issue of Exhaustion (Doc. 86, 94) are **GRANTED.** Defendant Johnson's Motion for Summary Judgment (Doc. 92) on the issue of exhaustion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 28, 2015**

<u>s/ Nancy J. Rosenstengel</u>
**NANCY J. ROSENSTENGEL**
**United States District Judge**